**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Trevor Bastin Martin,

      Petitioner

v.

John Mattos, et al.,

      Respondents

Case No.: 2:26-cv-01007-JAD-MDC

**Order Denying Motion to Dismiss and Directing Response to Amended Petition**

[ECF No. 12]

Petitioner Trevor Bastin Martin is a Jamaican citizen who challenges his continued detention while his immigration proceedings are pending. He contends that the immigration court applies a burden framework to bond-redetermination hearings that violates his due-process rights. The federal respondents move to dismiss Martin's amended petition, contending that he has not exhausted his administrative remedies because he hasn't given the Board of Immigration Appeals (BIA) a chance to rule on his administrative appeal before coming to federal court.

I deny the respondents' motion. Exhaustion in these circumstances is a prudential consideration, not a jurisdictional one. And I find that awaiting a BIA decision would be futile primarily because the BIA lacks jurisdiction to consider constitutional claims like Martin's. And though I am sympathetic to Martin's concern about prolonging these proceedings, I grant the respondents' request to file a substantive response to the petition. That response is due in seven days, and it is very unlikely that I will grant any extensions without a strong showing of exceptional circumstances.

**Background**

Trevor Bastin Martin was arrested by immigration authorities in February 2026 and placed into removal proceedings.[1]  He received a bond-redetermination hearing on March 4, 2026, at which he was not represented by counsel and did not submit any documentation to support his contention that he should be released from custody during the length of his immigration proceedings.  The immigration judge (IJ) denied bond, but confusingly explained that denial by finding that "the respondent is not a danger to the community."[2]  On March 25, 2026, the IJ issued a "bond memorandum" further explaining why she denied Martin's request for bond.[3]  The IJ recounted that she had considered Martin's criminal history and determined that he "has not met his burden of demonstrating that he was not a danger to the community."[4] Martin appealed the IJ's decision to the BIA, and that appeal remains pending.

On April 1, 2026, Martin filed a habeas petition seeking review of his detention.[5]  I appointed counsel, and Martin filed a counseled amended petition on May 1st.[6]  He contends that the IJ violated his due-process rights by placing the burden of proof on him to show that he is not a danger to the community or a flight risk.  He argues that the burden should be on the government to show by clear and convincing evidence that a noncitizen is a danger or flight risk

---

[1] ECF No. 6 at 4.  This background section recites only facts that are relevant to the respondents' exhaustion argument.  The court will review the full factual picture of petitioner's detention when making a determination on the merits of his petition.

[2] ECF No. 6-1 at 2.

[3] *Id.* at 4.

[4] *Id.* at 5.

[5] ECF No. 1.

[6] ECF No. 6.

in order to justify the continued restraint on his liberty.[7]  Instead of filing a substantive response to the merits of Martin's amended petition, the government filed a motion to dismiss, contending that Martin failed to exhaust administrative remedies by filing this habeas petition before the BIA ruled on his appeal.[8]

**Discussion**

**A.    The court waives the exhaustion requirement for Martin's habeas petition.**

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[9]  Prudential exhaustion is appropriate when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."[10]  But "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[11]

I find that exhaustion would be futile here.  The BIA created and has consistently applied the burden that Martin challenges in this case,[12] and there is no reason to believe that it would

---

[7] *Id.*

[8] ECF No. 12.

[9] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[10] *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

[11] *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[12] *See Matter of Guerra*, 24 I & N Dec. 37, 40 (2006) (holding that "[t]he burden is on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond").

3

consider Martin's contention that applying that burden constitutes procedural error.[13]  But more importantly, it is well-settled that the BIA lacks jurisdiction to hear constitutional challenges.[14]  I find that, under these circumstances, exhaustion of Martin's claims is excused.  So I deny the respondents' motion.

**B.    The respondents may file a substantive response to the petition.**

The parties also disagree about whether the respondents should be given another opportunity to respond to the merits of Martin's amended petition.  Martin insists that the court entered a briefing schedule, and the respondents chose to file only a motion to dismiss as their responsive pleading.[15]  The respondents retort that the Federal Rules of Civil Procedure allow for a pre-response motion to dismiss.[16]  They ask that they be given an additional 14 days to file a substantive response if their dismissal motion is denied.[17]

This court ordered a specific briefing schedule that deviated from the typical procedural rules in a civil case, and the respondents chose to comply with that briefing schedule by filing a

---

[13] *See Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983 (S.D. Cal. 2021) (finding that appeal of burden applied in bond hearing would be futile because the BIA's view on that question is "already set" (quoting *El Rescate Legal Servs. Inc. v. Exec. Off. of Immigr. Rev.*, 959 F.2d 742, 747 (9th Cir. 1991)); *see also Mathews v. Eldridge*, 424 U.S. 319, 330 (1976) (noting that "[i]t is unrealistic to expect that the [agency] would consider substantial changes in the current administrative [procedures] at the behest of a single [applicant] raising a constitutional challenge in an adjudicatory context").

[14] *See Vegas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987) (noting that "due process claims generally are exempt" from exhaustion before the BIA "because the BIA does not have jurisdiction to adjudicate constitutional issues"); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (reiterating that "an exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures . . . because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers" (cleaned up)).

[15] ECF No. 13 at 4–5.

[16] ECF No. 14 at 3.

[17] *Id.*

motion to dismiss by the deadline for a response.  Asking for another shot to respond within that motion to dismiss does not comport with the court's order or the expedited nature of habeas proceedings.  But this court did not expressly prohibit the respondents from filing a motion to dismiss, which is a common first step in civil cases.  So I do not find that the respondents intentionally flouted this court's order, and I conclude that it is in the interest of justice and the court's preference of deciding cases on their merits to allow a brief extension for the respondents to file a substantive response.  I grant them 7 days to do so.  The respondents have not justified their request for a 14-day extension, and they were already given 21 days to file an initial response when the typical deadline is 7 days.  No further extensions will be granted without a showing of exceptional circumstances.

**Conclusion**

IT IS THEREFORE ORDERED that the federal respondents' motion to dismiss **[ECF No. 12] is DENIED**.

IT IS FURTHER ORDERED that **the respondents must file a substantive response to the amended petition by June 30, 2026**.  EXTENSIONS OF THIS DEADLINE WILL NOT BE GRANTED ABSENT A SHOWING OF EXCEPTIONAL CIRCUMSTANCES.  **Petitioner's reply is due by July 9, 2026**.

_____
U.S. District Judge Jennifer A. Dorsey
June 23, 2026

5