**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Trevor Bastin Martin,<br><br>Petitioner<br>v.<br><br>John Mattos, et al.,<br><br>Respondents | Case No.: 2:26-cv-01007-JAD-MDC<br><br>**Order Denying Habeas Relief**<br><br>[ECF No. 6] |

Petitioner Trevor Bastin Martin is a Jamaican citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials in February 2026. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada since his arrest. Bastin Martin seeks a writ of habeas corpus, alleging that his due-process rights were violated because the immigration judge improperly placed the burden of proof on him during his bond hearing. The government responds that the immigration judge correctly applied the appropriate legal standards by placing the burden on Bastin Martin.

Placing the burden on the petitioner during an 8 U.S.C. § 1226(a) bond hearing does not facially violate the due-process clause. Because I do not find that the facts here require a burden shift, the immigration judge did not violate Bastin Martin's due-process rights during his custody redetermination hearing. I thus deny Bastin Martin's petition for a renewed bond hearing.

## Discussion

### A. This court has jurisdiction over Bastin Martin's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

detention, and the court has the authority to release a petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. The government did not violate due process by placing the burden on Bastin Martin during his custody-redetermination hearing.**

On March 4, 2026, Bastin Martin sought custody redetermination from an immigration judge (IJ) to decide whether he should be released from detention while his removal proceedings were ongoing.[3] The IJ denied the motion. Neither party submitted audio from the hearing, but the IJ issued a "bond memorandum" on March 25, 2026, supplementing her reasoning.[4] The memorandum examined several of the nine factors identified in *Matter of Guerra*[5] that an IJ may weigh when considering custody determination.[6] It detailed Bastin Martin's 2013 legal entry to the United States; familial ties to his community, including marriage to a United States citizen, two children, and grandchildren; and his eligibility to apply for 42B Cancellation of Removal relief.[7] The IJ also considered Bastin Martin's criminal history. She described this history as "lengthy" and "serious," recounting Bastin Martin's four convictions for possession of false information, misusing a bus-shelter bench, battery and false statement to a public official, and

---

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 6 at 4.

[4] *See* ECF No. 6-1 at 4–5.

[5] *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A 2006) (listing factors including whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States).

[6] *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

[7] ECF No. 6-1 at 4.

disorderly conduct.[8] The IJ also considered Bastin Martin's six prior arrests, including three felony arrests for battery with a deadly weapon, assault with a deadly weapon, and "robbery, battery to commit mayhem/robbery/grand larceny."[9] While recognizing that several of Bastin Martin's criminal matters remain pending,[10] the IJ found "the serious nature of [Bastin Martin's] offenses and his ten encounters with the police" persuasive.[11] The IJ concluded that, based on a totality of the circumstances, Bastin Martin "was unable to rebut the documentary record, and that he therefore did not meet his burden of demonstrating that he was not a danger to the community."[12]

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[13] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[14] The Ninth Circuit applies the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[15] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[16] Under *Mathews*,

---

[8] *Id.*

[9] *Id.* The memorandum explains two of these felony arrests and the Form I-213, on which the IJ relies, explains a third. *See id.*; ECF No. 16-1 at 8–9.

[10] *Id.* at 5 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40–41 (B.I.A. 2006), for the proposition that IJs may consider pending charges relevant for custody determinations).

[11] *Id.*

[12] *Id.*

[13] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[14] *Id.* at 1206.

[15] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[16] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[17]

***1. The deprivation of Bastin Martin's liberty interest does not weigh in favor of relief.***

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[18] Bastin Martin has been detained for approximately six months. Under Ninth Circuit precedent, that's considered "prolonged."[19] But when evaluating Bastin Martin's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[20] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[21]

As discussed *supra*, Bastin Martin was given the opportunity to contest his detention before an IJ who considered his length of residence and family in the United States, his immigration status and potential to apply for cancellation of removal, and the frequency and seriousness of his criminal history. I acknowledge that navigating adjustment proceedings while

---

[17] *Mathews*, 424 U.S. at 335 (cleaned up).

[18] *Rodriguez Diaz*, 53 F.4th at 1207 (cleaned up).

[19] *Id.* (citing *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (considering six months of continuing detention "prolonged")).

[20] *Id.* at 1208.

[21] *Id.*

detained presents difficulties.[22] But duration of detention alone cannot justify relief and here, the evidence fails to demonstrate procedural deficiencies during Bastin Martin's bond hearing. So despite his prolonged detention, I find that the process Bastin Martin received during his custody redetermination does not weigh in favor of relief.

***2. Bastin Martin has received the process he is due.***

The second *Mathews* factor considers "the risk of an erroneous deprivation of [Bastin Martin's] interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguards."[23] Bastin Martin has been given a hearing before an IJ and although he was uncounseled, he had the option of representation and presentation of evidence in his favor.[24] Bastin Martin also received a second hearing during which, through counsel, he informed the IJ that he has an approved, pending petition pursuing adjustment of his immigration status.[25] He also appealed his custody determination to the Board of Immigration Appeals.[26]

Bastin Martin argues that the IJ violated his due-process rights because the government should have the burden to establish dangerousness or risk of flight by clear and convincing evidence.[27] The government disagrees. It cites to the Ninth Circuit's opinion in *Rodriguez Diaz v. Garland*[28] to contend that an immigration judge may place the burden on the noncitizen in a custody-determination hearing.[29]

---

[22] ECF No. 17 at 6–7.

[23] *Mathews*, 424 U.S. at 335.

[24] ECF No. 17 at 4.

[25] ECF No. 6 at 4.

[26] ECF No. 16 at 6.

[27] ECF No. 6 at 6–8.

[28] *Rodriguez Diaz*, 53 F.4th at 1197.

[29] ECF No. 16 at 7–8.

In *Rodriguez Diaz v. Garland*, a Ninth Circuit panel considered this question after acknowledging that the noncitizen normally bears the burden to show by a preponderance of the evidence that he is not a "threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk" to justify his release.[30] The panel rejected the petitioner's argument that the burden must instead be placed on the government to show by clear and convincing evidence that the noncitizen is dangerous or a flight risk to comport with due process.[31] It acknowledged some of the reasons other courts have held that such a burden shift is necessary—i.e., placing the burden on noncitizens risks erroneous deprivation because they "face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney"—but concluded that those barriers "bear no relation to the facts of this case" because Rodriguez Diaz had an attorney, was able to present evidence, and spoke English.[32]

Bastin Martin does not provide any facts suggesting that he was unable to collect evidence on his behalf, retain an attorney, or communicate with the immigration court. He received at least one bond hearing about a month after he was initially detained, and he has not shown that he was unable to communicate or present evidence at that hearing. The facts of Bastin Martin's custody-redetermination hearing are distinguishable from *Rodriguez Diaz.* For example, Bastin Martin was unrepresented at his first bond hearing and did not present a wealth of evidence.[33] It still appears that more is needed to show that resting the burden of proof on the noncitizen would violate his due-process rights. And if proper procedural protections are in

---

[30] *Rodriguez Diaz*, 53 F.4th at 1197 (quoting *Guerra*, 24 I. & N. Dec. at 40).

[31] *Id.* at 1211–12.

[32] *Id.*

[33] ECF No. 17 at 4.

place, an IJ has "broad discretion to weigh the listed [*Guerra*] factors and add any factors not mentioned or discount those that are less probative."[34] Here the IJ considered the *Guerra* factors that the Ninth Circuit has determined are sufficient and concluded, based on the evidence presented, that Bastin Martin poses a danger to the community.[35] So I do not find that the burden at that hearing should have been on the government to show that Bastin Martin was a threat or a flight risk.

***3. There is no additional procedural requirement to burden the government's interest.***

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[36] Because Bastin Martin's custody redetermination hearing did not violate his due-process rights, I do not address whether additional procedural requirements would burden the government's interests. I thus deny Bastin Martin's petition for habeas relief.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Trevor Bastin Martin's amended petition for a writ of habeas corpus **[ECF No. 6] is DENIED**.

---

[34] *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40).

[35] ECF No. 6-1 at 4–5; *see Rodriguez Diaz*, 53 F.4th at 1197 (explaining that an IJ "considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country" (citation omitted)).

[36] *Rodriguez Diaz*, 53 F.4th at 1208.

IT IS FURTHER ORDERED that Trevor Bastin Martin's amended petition for a writ of habeas corpus **[ECF No. 6] is dismissed without prejudice, and the Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
August 28, 2026